In the Matter of the WESTCHESTER COUNTY BAR ASSOCIATION with Respect to MAURICE CHACHKES, an Attorney, Respondent.— Motion in disciplinary proceedings to confirm report of official referee, recommending that respondent be disbarred. Respondent, who was admitted to the bar in June, 1930, was found guilty by the official referee of (1) solicitation of negligence cases and inducing individuals to retain his firm by promising to assume hospital and medical expenses; (2) inducing physicians to prepare false and exaggerated reports in regard to the extent of the injuries suffered by clients in order to deceive the court and the defendants in the actions and using these false reports to effect settlements; (3) attempting to suborn certain witnesses to commit perjury in the preliminary inquiry; (4) using certain slips purporting to show notice of a defective condition of certain premises to the prejudice of defendant in effecting a settlement of a negligence action when he knew that the possession of the slips was unlawfully acquired; (5) causing a client to sign a false petition in bankruptcy, falsely omitting certain liabilities. There was ample evidence to support the finding of the official referee (1) that in the investigation being conducted before Mr. Justice Davis by direction of the Appellate Division, respondent sought to suborn Snyder, Dzikowski and McCray (McCray is the witness with whom Shon, respondent's partner, and Crohn, an associate of Shon and respondent, were involved) to testify falsely; (2) that respondent intended to use on the trial of an action if it came to trial, and actually used in a settlement of the cause, written evidence corruptly obtained, as he knew, from a representative of defendant in the action. Although the matter stated in the petition and bill of particulars, as to which respondent is alleged to have attempted to suborn the witness Snyder, is different from that proved, the wrongs are identical. No objection was made on the hearing because of the difference. There are some serious charges of which the official referee found respondent guilty which, in view of the foregoing, do not require consideration. There are several others, as to which there may be some doubt of respondent's guilt, and they are not, therefore, considered in the determination. The attempted subornation of witnesses is a very serious offense. It tends to impair the due administration of justice. Without considering the second item, this malfeasance of respondent calls for his disbarment. The record shows that he was exploiting his profession for personal gain with little or no consideration of ethical concepts. It is ordered that respondent be disbarred. Motion to confirm report of official referee granted, respondent disbarred and his name ordered to be struck from the roll of attorneys. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

ceedings to confirm report of official referee, recommending that respondent be suspended for two years. Respondent, who was admitted to the bar on June 28, 1933, was found guilty by the official referee of solicitation of negligence cases and of attempting to suborn certain witnesses to commit perjury in the preliminary inquiry. The court confirms the finding of the official referee that respondent attempted to suborn one McCray, a witness in the investigation being conducted before Mr. Justice Davis at the instance of the Appellate Division, and also of soliciting negligence claims for his employers, Shon and Chachkes, in violation of section 270-a of the Penal Law. The court believes that this respondent came under the baneful influence of his employers who are involved in serious charges, and failed to realize the enormity of his misconduct. The court has, therefore, decided to follow the recommendation of the official referee that respondent should be suspended from the practice of the law for the period of two years. It is ordered accordingly. Motion to confirm report of official referee granted and respondent suspended from the practice of the law for a period of two years. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.